UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH MARIE JOHNSON,<br><br>                     Petitioner,<br><br>vs.<br><br>JEFF KIRKMAN,<br><br>                     Respondent. | Case No. 4:14-cv-00395-CWD<br><br>**INITIAL REVIEW ORDER** |

Sarah Marie Johnson filed a Petition for Writ of Habeas Corpus challenging her state court conviction (Dkt. 1), together with a Motion to Stay and Abey (Dkt. 5), through counsel Deborah Whipple and Dennis Benjamin. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

**INITIAL REVIEW ORDER - 1**

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Before a habeas petitioner may present an issue for federal court review, she must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present unexhausted claims to the state court and then to return to federal court for review of the perfected petition. *Id*. at 277. In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for her failure to exhaust, whether her unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

**INITIAL REVIEW ORDER - 2**

2.  **Background**

Petitioner, a teenager, was convicted by jury of two counts of first degree murder and an enhancement for use of a firearm under Idaho Code § 19-2520 in the Fifth Judicial District Court in Blaine County, Idaho. Petitioner received two fixed life sentences, plus a fifteen-year sentence enhancement.

Petitioner filed a post-conviction action on April 19, 2006, which resulted in a finding of ineffective assistance of counsel regarding the failure to file a timely notice of appeal from the judgment of conviction. She was then permitted to file a direct appeal. In the direct appeal action, the Idaho Supreme Court affirmed the judgment on June 26, 2008, and the United States Supreme Court denied her petition for certiorari on December 1, 2008.

Petitioner also appealed from the portions of the first post-conviction action that were rejected by the state district court. As a result, her conviction was affirmed by the Idaho Supreme Court on February 18, 2014. Petitioner also filed a successive post-conviction petition in state court on April 9, 2012, which is still pending.

3.  **Discussion of Claims**

Petitioner brings several constitutional claims. Some of the claims were exhausted during the direct appeal and first post-conviction action, and some are the subject of the successive post-conviction action. Given that Petitioner is required by federal law to give the state courts the first opportunity to adjudicate any newly-discovered claims and any

**INITIAL REVIEW ORDER - 3**

claims that post-conviction counsel should have raised in state court,[1] a stay of this action is appropriate under the circumstances. *See Blake v. Baker*, 745 F.3d 977, 980-84 (9th Cir. 2014). Petitioner has been steadily pursuing relief in the state court system. There is no indication that Petitioner has intentionally delayed bringing her claims. Petitioner has stated at least one potentially meritorious claim in her Petition. Relief in the state court action would moot the claims in the federal action. Based upon all of the foregoing, the Court will exercise discretion in favor of staying this case until Petitioner completes her pending post-conviction cases.

While this case is stayed, the Court will administratively terminate it for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within 30 days

---

[1] The Court is aware of the Idaho Supreme Court's holding in *Murphy v. State*, 327 P.3d 365 (Idaho 2014). Prior to *Murphy*, Idaho courts allowed petitioners to raise ineffective assistance of post-conviction counsel as a "sufficient reason" under Idaho Code § 19–4908 to bring a successive post-conviction petition. *See Palmer v. Dermitt*, 635 P.2d 955, 959-60 (Idaho 1981). In *Murphy*, the Idaho Supreme Court relied upon *Coleman v. Thompson*, 501 U.S. 722 (1991), for the general proposition that there is no federal constitutional right to post-conviction counsel, but it did not discuss the new exception to that case, which permits a petitioner to assert ineffective assistance of initial post-conviction counsel as cause to excuse the procedural default of claims of ineffective assistance of trial or appellate counsel. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012); *Trevino v. Thaler*, 133 S.Ct. 1911 (2013); *Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir.2013) (applying *Martinez* to underlying claims of ineffective assistance of appellate counsel). *Martinez v. Ryan* created an exception upon which the *Murphy* court relied.

The practical effect of the *Murphy* holding may be that the state courts have unknowingly relinquished the opportunity to be first to adjudicate ineffective assistance of trial counsel and direct appeal counsel claims that were not properly raised due to ineffective assistance of post-conviction counsel during the first post-conviction action, because *Martinez v. Ryan* opened the door to such claims for the first time in twenty years after *Coleman was* decided. If the state courts will no longer consider whether the ineffective assistance of post-conviction counsel prevented a petitioner's claims from being raised properly (or at all) in the first post-conviction proceeding, the federal courts will be required to consider both issues (ineffective assistance of post-conviction counsel as cause, and the merits of ineffective assistance of trial and direct appeal counsel claims) de novo, including holding de novo hearings where necessary. The federal courts are reluctant to take this course of action in federal habeas corpus proceedings, preferring to have these issues heard first in state court, out of comity and deference to the state's strong interest in its own criminal cases.

**INITIAL REVIEW ORDER - 4**

after Petitioner's currently-pending state court action is completed, Petitioner may request that the Clerk of Court reopen this case if she desires to proceed. The parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay and Abey (Dkt. 5) is GRANTED.

2. This case is STAYED pending completion of Petitioner's post-conviction action in state court.

3. This case is administratively terminated for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within 30 days after Petitioner's currently-pending state court action is completed, Petitioner may request that the Clerk of Court reopen this case if she desires to proceed. The parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

DATED: December 16, 2014

_____
Honorable Candy W. Dale
United States Magistrate Judge